# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

KEITH BOX,                           )
                                     )
        Plaintiff,        )
                                     )
   v.                             )          No. 1:02CV105 JAR
                                     )
LINDA BOLLINGER, et al.,             )
                                     )
        Defendants.       )

## MEMORANDUM AND ORDER

This closed matter is before the Court on several motions. The time for filing a response to these motions under E.D. Mo. LR. 4.01 has passed and these motions are ready for ruling.

## BACKGROUND

Plaintiff filed this pro se action on August 6, 2002 pursuant to 42 U.S.C. § 1983. He alleged that defendants (five public defenders and an investigator) committed legal malpractice by conspiring to convict him and to deny him effective representation in his state court criminal proceedings, in violation of his constitutional rights. On August 27, 2002, the Court dismissed Plaintiff's claims as either legally frivolous or because they failed to state a claim pursuant to 28 U.S.C. §1915A(b). (ECF No. 3). On February 12, 2014, over eleven years after the court entered its Judgment, Plaintiff filed a pro se Motion for Rule 60(b) Review and Re-Opening of Civil Case (ECF No. 13). On March 3, 2013, Plaintiff filed a Motion to Show Conspiracy Between Defendants, Public Defenders, Prison Officials and Other State Officials to Secure and Uphold Plaintiff Keith Box['s] Conviction (ECF No. 16) and a Motion to Appoint Counsel for Contacting Witnesses/Statements (ECF No. 17). On April 16, 2014, Plaintiff filed a Motion for Writ of

Habeas Corpus Ad Testificandum (ECF No. 19).   On May, 2, 2014, Plaintiff filed a Motion under

Imminent Danger. (ECF No. 20).[1]

## DISCUSSION

### A.  Rule 60(b)

In his Rule 60(b) Motion, Plaintiff claims that, on September 15, 2011, he received

credible, newly discovered evidence regarding his claim of intentional misconduct by state

officials.   (ECF No. 13).   Plaintiff asserts that he recently discovered that state public defender,

Irene Karns, conspired with other defendants to deprive Plaintiff of his constitutional rights.

Specifically, he asserts that Ms. Karns previously told Plaintiff that she did not know why the state

court of appeals refused to consider his appeal, despite that Plaintiff timely gave Ms. Karns his *pro*

*se* appellate brief for filing.   Plaintiff states that on September 15, 2011, he learned that Ms. Karns

filed his *pro se* appeal brief late and filed a "Motion to File/Leave to File Appellant's Pro Se Brief

Out of Time July 17, 1997."   (ECF No. 13 at 15).   The Court of Appeals denied the motion to file

the brief and refused to consider his appeal brief because it was "out of time."

"Rule 60(b) authorizes relief in only the most exceptional of cases."   Int'l Bhd. of Elec.

Workers, Local Union No. 545 v. Hope Elec. Corp., 293 F.3d 409, 415 (8th Cir. 2002); Harley v.

Zoesch, 413 F.3d 866, 870 (8th Cir. 2005).   Plaintiff suggests that he is entitled to Rule 60(b)

relief because defendants committed fraud upon the Court (Rule 60(b)(3)) and because of newly

---

[1] As a matter of background, this Court has previously recognized that Plaintiff has filed at least
three cases in this Court that were dismissed as frivolous, malicious or for failure to state a claim.
See Box v. Ferrell, Case No. 1:00cv14JAR (E.D. Mo.), Box v. Bollinger, Case No. 1:02cv105
JAR (E.D. Mo), Box v. Scott County Jail, Case No. 1:96cv69 LMB (E.D. Mo.), and Box v.
Mississippi County Jail, Case No. 1:96cv22 LMB (E.D. Mo.).   Accordingly, Plaintiff cannot
proceed in a lawsuit before this Court unless he pays the full filing fee or shows that at the time of
filing his complaint, he was subjected to "imminent danger."   28 U.S.C. §1915(g).

discovered evidence (Rule 60(b)(2)). The Court finds that Plaintiff's Rule 60(b) motion is untimely, and he is not entitled to relief under Rule 60(b).

### B. Discussion

#### 1. Untimely

As an initial matter, the Court finds that Plaintiff's Rule 60(b) Motion is untimely. <u>See</u> Fed.R.Civ.P. 60(c)(1)("A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). On August 27, 2002, the Court dismissed all of Plaintiff's claims in his §1983 complaint. Plaintiff did not file this Rule 60(b) motion until February 12, 2014. Because Plaintiff did not bring this action within a year of the District Court entering judgment on his §1983 complaint, the Court finds that his Rule 60(b) motion was untimely and must be dismissed. <u>See</u> <u>Middleton v. McDonald</u>, 388 F.3d 614, 617 (8th Cir. 2004)(affirming the district court's dismissal of the Rule 60(b) motion as untimely where the plaintiff filed his motion over three years after the case had been dismissed with prejudice).

#### 2. Fraud and Misconduct

Even if Plaintiff's Rule 60(b) Motion were timely, it still fails on the merits of his Rule 60(b)(3) and 60(b)(2) claims. "To prevail on a motion under Rule 60(b)(3), the movant must show, with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting its case." <u>Atkinson v. Prudential Prop. Co., Inc.</u>, 43 F.3d 367, 372-73 (8th Cir. 1994)(citing <u>Paige v. Sandbulte</u>, 917 F.2d 1108, 1109 (8th Cir.1990)); <u>United States v. Metro. St. Louis Sewer Dist.</u>, 440 F.3d 930, 935 (8th Cir. 2006).

Plaintiff seems to argue that Ms. Karns provided Plaintiff with fraudulent information when she apparently wrote him on August 15, 1997, stating that she did not know why the state court of appeals would not accept Plaintiff's *pro se* brief. (ECF No. 13 at 14). Plaintiff, however, has not presented the kind of clear and convincing evidence of fraud or misrepresentation necessary to prevail on a Rule 60(b)(3) motion. As an initial matter, Plaintiff has not provided the Court with a copy of Ms. Karns letter to Plaintiff from August 15, 1997, which purportedly stated that she did not know why the state court of appeals would not accept Plaintiff's *pro se* brief. If Plaintiff contends that this letter provided fraudulent misrepresentations, then he should have provided that evidence with his Rule 60(b) motion.

The Court also notes that this purported fraud or misrepresentation should have been apparent to Plaintiff, who is a frequent litigant.[2] This purported fraud would have been readily discernable based upon a review of the Court of Appeals' docket. The Court finds no reason for the eleven year delay to file this Rule 60(b) motion.

Further, even if Plaintiff provided Ms. Karns' August 15, 1997 letter to the Court, there is no evidence that Ms. Karns' alleged misrepresentations prevented Box from fully and fairly litigating his claim. Box does not provide any information regarding the merits of his arguments from his *pro se* brief. Box has presented no evidence that the result of his appeal would have been different had his *pro se* brief been presented to the Court of Appeals. Thus, Plaintiff has not provided the Court with any evidence that Ms. Karns made any false or misleading statements, much less that it had any effect on Box's appeal or prevented him from fully and fairly litigating his claim.

---

[2] <u>See</u> footnote 1.

In the absence of any evidence of misconduct or fraud or misconduct or any evidence that Box was prevented from fully and fairly litigating his claim, the Court finds that this case does not present the exceptional circumstances which make the extraordinary relief of Rule 60(b) appropriate. <u>See</u> <u>Harley</u>, 413 F.3d at 872. The Court finds that Box has not met his burden under Fed.R.Civ.P. 60(b)(3) and denies Plaintiff's motion.

### 3. Newly Discovered Evidence

To prevail on a motion under 60(b)(2) for newly discovered evidence, the movant must show: (1) that the evidence was discovered after trial; (2) that the party exercised due diligence to discover the evidence; (3) that the evidence is material and not merely cumulative or impeaching; and (4) that a new trial considering the evidence would probably produce a different result. <u>Atkinson v. Prudential Prop. Co., Inc.</u>, 43 F.3d 367, 371 (8th Cir. 1994).

The Court finds that Plaintiff also cannot obtain relief under Rule 60(b)(2) for newly discovered evidence. First, the Court finds that Plaintiff did not exercise due diligence to discover the "new evidence." Information regarding Ms. Karns' request for additional time was readily available in Plaintiff's court case and, as noted by several courts, Plaintiff is no stranger to the court system. In addition, Plaintiff has not provided any information that there would have been a different result if a court considered Plaintiff's new evidence. As previously discussed, this purportedly "newly discovered evidence" provides no support for a finding that the result of his appeal would have been different had his *pro se* brief been presented to the Court of Appeals. Accordingly, the Court denies Plaintiff's motion under Rule 60(b)(2).

### 4. Conclusion

Therefore, based upon the foregoing, the Court finds no basis for granting Rule 60(b) relief. Similarly, the Court denies Plaintiff's other motions for discovery and legal representation related to the Rule 60(b) Motion. Plaintiff's Motion to Show Conspiracy Between Defendants, Public Defenders, Prison Officials and Other State Officials to Secure and Uphold Plaintiff Keith Box['s] Conviction (ECF No. 16), Motion to Appoint Counsel for Contacting Witnesses/Statements (ECF No. 17), and Motion for Writ of Habeas Corpus Ad Testificandum (ECF No. 19) are all denied.

### C. Imminent Danger

In his Motion under Imminent Danger, Plaintiff argues that he is being treated like a laboratory mouse because the Missouri Department of Corrections is using sonogram or "telegram" technology to apply electro currents through his body. (ECF No. 20). The Court has reviewed the record in its entirety, as well as many of Plaintiff's filings in other cases, and finds no evidence of imminent danger at this point and no grounds supporting immediate Court intervention. The Court denies this motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Rule 60(b) Review and Re-Opening of Civil Case [13], Motion to Show Conspiracy Between Defendants, Public Defenders, Prison Officials and Other State Officials to Secure and Uphold Plaintiff Keith Box['s] Conviction [16], Motion to Appoint Counsel for Contacting Witnesses/Statements [17], Motion for Writ of Habeas Corpus Ad Testificandum [19], and Motion under Imminent Danger [20] are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not accept any additional motions or documents from plaintiff for filing in this action. All documents and motions mailed to the Court by plaintiff shall be returned as set forth in this Memorandum and Order.

Dated this 27th day of May, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE